# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

**LORENZO JOHNSON,**
             Petitioner,

v.                                                              Case No. 14-cv-0758

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
             Respondent.
_____

## **DECISION AND ORDER**

      Lorenzo Johnson, proceeding pro se, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254. On July 27, 1998, petitioner was convicted in Racine County Circuit Court of one count of first degree intentional homicide under Wis. Stat. § 940.01(1) and five counts of first degree recklessly endangering safety under Wis. Stat. § 941.30(1). He was sentenced to life in prison and is currently incarcerated at Waupun Correctional Institution. Before me now is respondent's motion to dismiss for failure to timely file.

      In order to address the timeliness of the petition, I must first address the relevant facts. Petitioner and his co-defendant, Derrick Howard, were both charged in connection with the 1996 shooting of Dezrez Pierce. Howard agreed to testify at petitioner's trial in exchange for reduced charges and immunity related to what he said while testifying, but at petitioner's trial he refused to testify and was charged with contempt of court. The contempt charges were not resolved until 2008, when Howard underwent a psychological evaluation in connection with his plea of not guilty by reason of mental disease or defect. The psychological evaluation stated, "Further, [Howard] said he wanted to testify on behalf of Mr. Johnson, not against him, as his observation was that Mr. Johnson was not present

when his offense occurred. He said court officials thought he was not telling the truth." Br. in Opp'n Ex. 1, at 3 (ECF No. 14-1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation on filing a petition for habeas corpus, which begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), whichever is later. The statute of limitations, however, is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. § 2244(d)(2).

Petitioner alleges one ground for federal habeas relief, an ineffective assistance of counsel claim arguing that his trial counsel was ineffective for failing to interview Howard.[1] Petitioner asserts that Howard's 2008 psychological evaluation is the factual predicate of his ineffective assistance of counsel claim. Based on this newly discovered evidence, he argues that under § 2244(d)(1)(D), his one year to file for federal habeas relief on this claim did not start to run until the evaluation could have been discovered, which was, at the earliest, February 4, 2008, the date the evaluation was created.

Newly discovered evidence supporting a claim is not the same as the factual

---

[1] The petition also lists "newly discovered evidence" as a separate ground, but newly discovered evidence, in and of itself, is not an independent ground for federal habeas relief; newly discovered evidence must support an underlying constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

predicate of a claim. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870–71 (7th Cir. 2005). The one-year limitation period begins to run when a petitioner becomes aware of the facts giving rise to his claim, not when he obtains evidence to support it. *Id.* at 871; *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) ("[I]f new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations."). Here, petitioner's claim is that his trial counsel was ineffective for failing to interview Howard. The factual predicate for the claim is the fact that petitioner's trial counsel did not interview Howard, which petitioner either knew or with due diligence could have discovered at the time of his trial. *See Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) (noting that "the clock . . . starts at the time a reasonable person would have discovered [the important] facts"). At the time of his trial, petitioner knew Howard had key information about petitioner's case; Howard had admitted to being the shooter and was slated to be a key witness for the prosecution. Thus, when his attorney failed to interview Howard at the time of the trial, petitioner had all of the vital facts to support an ineffective assistance of counsel claim for failure to interview Howard. *See Rivas*, 687 F.3d at 535. The information in the 2008 evaluation is only evidence which supports petitioner's ineffective assistance of counsel claim. Thus, I conclude that petitioner knew or should have known the factual predicate to his ineffective assistance of counsel claim in 1998, and because petitioner did not file any form of review of his conviction, direct or collateral, until 2007, his one-year limitation period for petitioning for federal habeas relief has long since passed.

      Petitioner does not attempt to show grounds for equitable tolling, but he does claim

that he is innocent and points to newly discovered evidence, thus I will consider whether the miscarriage of justice exception applies.[2] Under the miscarriage of justice exception, a petitioner may overcome AEDPA's one-year limitation period if he can show a compelling claim of actual innocence, meaning he must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013). This standard is demanding and only permits review in extraordinary cases. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). To satisfy the standard, a claim of actual innocence must be credible, meaning it is supported by new, reliable evidence that was not presented at trial. *House v. Bell*, 547 U.S. 518, 537 (2006).

Petitioner's new evidence includes the 2008 evaluation and a 2007 affidavit from Howard which states that petitioner was not involved in the shooting and that someone named "Head" was involved.[3] However, Howard's statements are not credible. First, Howard's statements were made nine years after the trial and eleven years after the shooting, making their reliability questionable. *See McQuiggin*, 133 S. Ct. at 1936 ("[Untimeliness . . . does bear on the credibility of evidence proffered to show actual

---

[2] Petitioner asks me to defer consideration of this issue until he has access to the trial transcript and because he has additional evidence relevant to the issue. I will deny this request. First, respondent raised the issue in its motion to dismiss and its reply brief, and petitioner should have responded with his legal argument and any additional supporting evidence in his reply briefs. Second, based on the record, including state court of appeals decisions, I feel I have enough information to decide the issue.

[3] Although petitioner does not cite this affidavit in his federal habeas petition, the Wisconsin Court of Appeals discussed it in its decision on petitioner's post-conviction motion, and petitioner discusses it in his brief. Thus, I will also consider it for purposes of the miscarriage of justice exception.

4

innocence."). Second, Howard's statements that petitioner was not involved in the shooting would be easily impeached by his previous agreement to testify against petitioner and his subsequent refusal to testify at all. Given the significant time gap between the trial and Howard's new statements and his inconsistent behavior at the time of the trial, it is difficult to believe that a reasonable juror would put much weight in Howard's statements that petitioner was not involved. This evidence is not so strong that it shakes my confidence in the outcome of petitioner's trial. *See id.* Thus, I conclude that petitioner has not met the stringent standard of the miscarriage of justice exception.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (ECF No. 8) is **GRANTED**. The Clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge